## Schmid v. Kessler.

*Practice, C. P.—Security for costs—Continuance.*

A rule on the plaintiffs to enter security for costs, taken after the case is on the trial list and which will, if made absolute, delay the trial of the case, will be denied for the present. If the case is not reached, the rule may be made absolute.

Rule on plaintiffs to enter security for costs. C. P. Northampton Co., June T., 1923, No. 63.

*Dudley A. Giberson* and *Asher Seip*, for plaintiffs.

*Herbert F. Laub*, for defendant.

STEWART, P. J., May 4, 1925.—A rule on the plaintiffs to enter security for costs issued April 30, 1925. The case is No. 30 on the trial list for next week. After notice to counsel for the plaintiffs, counsel for defendant asked that this case be continued on account of the pendency of the above rule. That application was resisted by the plaintiffs' counsel, who contends that the rule must be discharged and that the case ought not to be continued. We agree with the latter contention. In Loveland et al. v. Murnin & Co., Inc., 19 Northamp. Co. Repr. 398, we said: "It is well settled that a rule will never be granted which will delay the trial of a case." The application to continue is denied. The learned counsel for the plaintiffs contends that he first learned that the plaintiffs had removed from the State on April 21st last, and that he made his application for security without any delay. If that is so and if the case is not disposed of next week, the rule for security for costs may be made absolute. See Fried v. Sacchetti, 14 Northamp. Co. Repr. 200. We make no order as to that at the present time.          From Henry D. Maxwell, Easton, Pa.